Gary M. Gaertner, Jr., Presiding Judge
Introduction
Kevin A. Swanson[1] (Father) appeals from the judgment of the circuit court of St. Louis County, Missouri regarding the registration and modification in Missouri of a New York child support order and the modification of two other child support orders. Father challenges the trial court's application of the Uniform Interstate Family Support Act (the UIFSA) and the trial court's denial of his claims regarding the aggregate total of his three child support obligations. We affirm in part, reverse in part, and remand with instructions.
Background
Father is obligated to pay child support pursuant to three different child support orders on behalf of the following three *318 minor children as follows, presented chronologically by date of the initial orders.
S.M.S.: The Family Court of the State of New York, County of Erie (the Family Court of Erie County, NY) entered an initial order in 2011 ordering Father to pay child support to Janice Hernandez (Hernandez) on behalf of the minor child S.M.S., pursuant to file number 187795 (Hernandez order). The Family Court of Erie County, NY modified the initial support order in 2014 to $350.00 per month. Hernandez and S.M.S. have since relocated to Georgia, and Hernandez registered the New York order in Georgia. In 2016, the Family Court of Erie County, NY recognized the Georgia registration and divested itself of jurisdiction under the UIFSA because none of the parties reside in New York and Hernandez did not consent to jurisdiction in New York.
While the record on appeal does not include documentation from a Georgia tribunal recognizing the registration or modification of the New York child support order in Georgia, the record includes documentation that the State of Georgia is enforcing aspects of the Hernandez order. Moreover, the State of Missouri, Department of Social Services, Family Support Division (FSD) indicated it was collecting child support payments from Father on behalf the Georgia Department of Health and Human Services, Child Support Services, which disburses the payments to Hernandez as the custodial parent. Thus, it appears the Hernandez order has been properly registered in the State of Georgia.
S.R.S.: The circuit court of St. Louis County, Missouri entered an initial order in 2013 ordering Father to pay child support to Samantha Schaeffer (Schaeffer) on behalf of the minor child S.R.S., pursuant to cause number 13SL-DR03209 (Schaeffer order). Schaeffer and S.R.S. have since relocated to Florida, but Missouri continues to be the state of continuing, exclusive jurisdiction for the Schaeffer order. In 2016, the St. Louis County circuit court modified the Schaeffer order to $450.00 per month.[2]
A.R.S.: The circuit court of St. Louis County, Missouri entered a paternity judgment in 2014 ordering Father to pay $300.00 per month to Natasha Tamul (Tamul) on behalf of the minor child A.R.S., pursuant to cause number 13SL-DR00798 (Tamul order). Tamul and A.R.S. continue to reside in Missouri.
In 2016, Father filed a multi-count petition in the circuit court of St. Louis County, Missouri in cause number 16SL-DR03813 in which he requested the following relief, as relevant to the issues raised on appeal. Father requested that the trial court (1) register the New York Hernandez order in Missouri for purposes of enforcement and modification; (2) modify the Hernandez order pursuant to the UIFSA; and (3) determine the amount of support due under all three support orders, seeking, inter alia , (a) a stay for each of the current income withholding orders that garnish more than 50% of his income, (b) a temporary order reducing the amount of his child-support obligations (in Missouri cause numbers 13SL-DR00798 and 13SL-DR03209-01, and the Family Court of Erie County, NY file number 187795) to $125.00 per month per child, payable by wage assignment, (c) for the trial court to issue a controlling order declaring Missouri the State of exclusive jurisdiction for all three *319 orders, and (d) a determination of the proper allocation of his wage assignments or Missouri Division of Employment Security payments to each child-support obligation.
Hernandez filed a Consent to Registration, Modification, and Temporary Order agreeing to a temporary reduction of Father's child support obligation to $125.00 per month for S.M.S. Later filings stated that Father and Hernandez had reached a private settlement, in which Hernandez consented to jurisdiction in Missouri to reduce Father's child support obligation and arrearages in exchange for Father's termination of his parental rights to S.M.S in connection with a step-parent adoption. Schaeffer filed a motion to dismiss herself from the case, arguing that Father could not modify the original Schaeffer order in cause number 13SL-DR03209 in this new cause of action. Tamul did not respond.
After hearings on a variety of motions, the trial court issued its Judgment (1) granting Father's motion to register the New York Hernandez order in Missouri for purposes of enforcement, but (2) denying Father's request to modify the Hernandez order noting that Georgia has current jurisdiction over the Hernandez order, and (3) denying Father's request to declare that Missouri has continuing, exclusive jurisdiction over all three orders, noting (a) while Missouri has controlling jurisdiction over the Tamul order and the Schaeffer order, it does not have authority to issue a controlling order over the Hernandez order, (b) each separate support case must be addressed individually, and (c) both Missouri and Georgia already follow the Consumer Credit Protection Act (CCPA), which sets guidelines for income withholding orders. Father moved for an amended judgment or a new trial, which the trial court denied. This appeal follows.
Discussion
Father raises four points on appeal. He first argues the trial court erred in failing to register the New York Hernandez order for the purposes of modification under the UIFSA. Second, he argues the trial court erred in failing to forward the pleadings and papers to Georgia under Section 454.1563.[3] In his third and fourth points, Father challenges the trial court's failure to rule on his claim that the aggregate amount of his three child support orders exceeded his ability to pay, questioning whether the State is permitted to create multiple child support orders where the sum of the aggregate orders is greater than his ability to pay, and arguing that Missouri law places the interests of the parent receiving child support over the constitutional liberty interest of the parent paying child support to maintain and keep a home. We address the third and fourth points together.
Standard of Review
The trial court's application of the UIFSA is a legal question, which we review de novo. See Blanchette v. Blanchette, 476 S.W.3d 273, 277-78 (Mo. banc 2015) (discussing application of interstate acts in context of Uniform Child Custody Jurisdiction and Enforcement Act). We interpret the jurisdictional provisions of the UIFSA for whether a Missouri court has statutory authority to grant relief, not for whether a Missouri court has subject matter jurisdiction. See Ware v. Ware, 337 S.W.3d 723, 726 (Mo. App. E.D. 2011) (citing J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009) ).
*320 Point I
In his first point on appeal, Father challenges the trial court's conclusion that Georgia, not Missouri, has jurisdiction to modify the Hernandez order, arguing, rather, that Missouri has jurisdiction under Section 454.1533. We disagree.
The UIFSA, codified in Missouri at Sections 454.1500 to 454.1730, controls the establishment, enforcement, or modification of support orders across state lines. See Sections 454.1500, et seq. The UIFSA is intended to avoid problems arising from multiple orders in multiple states, and thus the UIFSA provides that only one state's child support order governs at any one time. See Lunceford v. Lunceford, 204 S.W.3d 699, 702 (Mo. App. W.D. 2006) (applying repealed version of UIFSA). Underlying the UIFSA is the concept of "continuing, exclusive jurisdiction," meaning that where a state has issued a support order pursuant to the UIFSA, that state has continuing exclusive jurisdiction over the order and no other states may modify that order so long as the issuing state retains jurisdiction. See Section 454.1527(c)("[i]f a tribunal of another state has issued a child support order pursuant to the UIFSA ..., tribunals of [Missouri] shall recognize the continuing, exclusive jurisdiction of the tribunal of the other state").
Section 454.1662 sets forth the circumstances under which a Missouri court has the authority to modify a child support order registered in this state but issued by another state. Namely, a tribunal of this state may modify the child support order issued by another state only if:
(1) ... (A) neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;
(B) a petitioner who is a nonresident of this state seeks modification; and
(C) the respondent is subject to the personal jurisdiction of this tribunal of this state; or
(2) this state is the residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.
Section 454.1662(a)(1)-(2) (emphasis added).
Here, because Father is a resident of Missouri, he fails to meet the requirement of Section 454.1662(a)(1)(B) that the petitioner must be a nonresident of this state. See Grega v. Grega, 524 S.W.3d 150, 156-57 (Mo. App. E.D. 2017) (father cannot modify California order in Missouri under Section 454.1662 where father lives in Missouri and thus is not "nonresident" of Missouri). Likewise, because the parties have not filed consents in the issuing tribunal for Missouri courts to assume continuing, exclusive jurisdiction, Father fails to meet the requirement of Section 454.1662(a)(2). Although Hernandez stated her consent to jurisdiction in Missouri, she filed her consent here and not in the issuing tribunal. Moreover, the record is not clear that she consented for Missouri to have continuing, exclusive jurisdiction; rather, Hernandez plans to pursue a termination of Father's parental rights pursuant to a step-parent adoption in Georgia. Under the facts and procedure here, no tribunal in Missouri may on its own initiative modify the child support order over which Georgia has continuing, exclusive jurisdiction.
Father argues that Missouri is the controlling state under Section 454.1533(c), but we do not agree. Section 454.1533(c) provides that if two or more child support orders have been issued for the same obligor *321 and same child, upon request of a party, a tribunal of this state having personal jurisdiction over both the obligor and the obligee shall determine which order controls. Here, however, there are not two or more child support orders in place regarding Father and S.M.S. It appears from the record that the only child support order in place regarding S.M.S. is the 2014 order from the Family Court of Erie County, NY order, file number 187795, which orders Father to pay $350.00 per month for support of S.M.S.[4] The child's home state of Georgia currently has continuing, exclusive jurisdiction over this order, see Ga. Code Ann. §§ 19-11-114(a)(1), 19-11-170(a) (2013), N.Y. Family Court Act § 580-205(b)(l) (2016), and the support order is registered in Missouri for purposes of enforcement only, see Section 454.1638(c) (registration for enforcement does not allow modification).
The trial court did not err in denying Father's motion to modify the Hernandez order issued by the Family Court of Erie County, NY over which Georgia has continuing exclusive jurisdiction. Point denied.
Point II
In his second point on appeal, Father argues the trial court erred in failing to forward the pleadings and papers to Georgia under Section 454.1563. We agree.
Section 454.1563 states: "If a petition or comparable pleading is received by an inappropriate tribunal of this state, the tribunal shall forward the pleading and accompanying documents to an appropriate tribunal of this state or another state and notify the petitioner where and when the pleading was sent." We have found no Missouri cases interpreting this statute, but the statute itself is straightforward.
The primary rule of statutory construction is to determine the legislature's intent from the language used in the statute, considering the words in their plain and ordinary meaning. State ex rel. Farley v. Jamison, 346 S.W.3d 397, 399 (Mo. App. E.D. 2011). Where the language is unambiguous, there is no need for construction. When a statute uses the word "shall," we generally interpret that directive as mandatory and find that it must be obeyed. Id. The mandatory language of the statute requires the trial court to forward Father's petition and accompanying documents to the appropriate tribunal. Therefore, the trial court erred in failing to do so here.
We reverse for the trial court to enter an order forwarding to Georgia the pleadings and papers relevant to the modification of the Hernandez order, after dismissing any parties and Counts over which Georgia would not have jurisdiction. Point granted.
Points III and IV
In his third and fourth points on appeal, Father argues the trial court erred in denying his request to consider the aggregate amount of his child support obligations that were beyond his ability to pay, questioning whether the State is permitted to create multiple child support orders where the aggregate sum of the orders is greater than his ability to pay, and arguing *322 that Missouri law places the interests of the parent receiving child support over the constitutional liberty interest of the parent paying child support to maintain and keep a home. We disagree.
The essence of Father's pro se challenge is that the trial court denied his petition without answering the question of whether any trial court is authorized to issue multiple child support orders where the aggregate total of those child support awards exceeds the obligor's ability to pay. The trial court's sub silentio answer to this question was in the affirmative, and we agree. Child support is intended to provide for the reasonable care of the minor children, and both parents have a duty to support their children. See Section 452.340.1. Child support is computed according to the guidelines set forth in the Form 14, and there is a rebuttable presumption that the child support amount resulting from the application of the guidelines is correct. See Section 452.340.8-.9. Nevertheless, a tribunal determining child support may find the presumed child support amount is unjust and inappropriate, after considering relevant factors, including the needs and resources of the parents and child. See Section 452.340.1 & .9. Thus, to answer Father's question: the tribunal may , but is not required to , enter a child support order that exceeds the obligor's ability to pay, in light of the aggregate total of multiple child support orders. The tribunal applies the Form 14 guidelines to determine the presumed correct child support amount, and then may either enter an order for that amount despite the obligor's declared inability to pay, or it may find the presumed child support amount to be unjust and inappropriate and enter a different amount that accords with the obligor's ability to pay.
Nevertheless, Father must follow the proper procedures to seek modification of his child support obligations, which he did not do here. Rather, Father sought to bring this petition against Hernandez, Schaeffer, and Tamul together. First, as noted in Point I, Missouri law does not permit a tribunal of this state to modify a child support order over which another state has jurisdiction, and thus the trial court here did not have the authority to modify the Hernandez order. Second, Father points to no authority allowing the trial court to modify an existing child support order in a new cause of action. Rather, Section 452.370 sets forth the circumstances under which a party can modify an existing judgment of support, granting the trial court continuing jurisdiction over the obligee and the obligor under an existing support order for the purpose of modifying such order. See Section 452.370.1, .6. To the extent that Father argues his multiple child support orders are best modified together, Missouri law already provides a method to consider other child support orders in determining the proper child support amount in each case. See Form 14, Line 2a DIRECTION.
Therefore, Father may file motions to modify the existing Schaeffer order and the existing Tamul order separately in accordance with Missouri law. In fact, the record on appeal here includes docket sheets from the Schaeffer order (13SL-DR03209) indicating that on April 21, 2017, while this appeal was pending, the trial court entered a consent judgment modifying Father's child support order with regard to S.R.S. to $325.00 per month. While Father requests on appeal that we reverse and remand for the trial court to sever his claims, he did not request this relief below, and thus the issue is not preserved for appeal. See State ex rel. Nixon v. Am. Tobacco Co., 34 S.W.3d 122, 129 (Mo. banc 2000) ("[a]n issue that was never presented *323 to or decided by the trial court is not preserved for appellate review").
We turn next to Father's argument that Missouri law places the interests of the parent receiving child support over the constitutional liberty interest of the parent paying child support to maintain and keep a home. Father has failed to meet the briefing requirements of Rule 84.04 on this issue and therefore has not preserved it for appellate review. Mo. R. Civ. P. 84.04. Pro se appellants are held to the same standards as licensed attorneys and, accordingly, must comply with the rules of appellate procedure, including the briefing requirements of Rule 84.04. Hankins v. Reliance Auto., Inc., 312 S.W.3d 491, 493-94 (Mo. App. E.D. 2010).
Father's brief here does not identify a specific statute that is unconstitutional or allege how specifically there is a constitutional violation. Appellate courts may not speculate on an appellant's arguments "because, to do so would cast the court in the role of an advocate for the appellant." Id. at 494 (citation omitted). While he makes reference to 42 U.S.C. § 2000d[5] -which provides that, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance"-we fail to see how this provision is relevant here. Father has not claimed intentional discrimination on the basis of race, color, or national origin. Moreover, Father suggests that because the aggregate sum of his three child support orders exceeds his ability to pay, he could one day be subjected to a criminal proceeding for non-support. However, it does not appear that Father is in fact currently subject to a criminal proceeding, and thus this issue is premature and not ripe for review. Mo. Alliance for Retired Ams. v. Dep't of Labor & Indus. Relations, 277 S.W.3d 670, 677 (Mo. banc 2009) (justiciable controversy exists for review where conflict is presently existing; "[i]n the context of a constitutional challenge to a statute, a ripe controversy generally exists when the state attempts to enforce the statute") (citation omitted). Given the deficiencies of Father's brief, we find that he has not preserved this argument for review.
The trial court did not err in denying Father's petition, because Father failed to request relief the trial court was authorized to grant under Missouri law.
Points denied.
Conclusion
We reverse and remand for the limited purpose of allowing the trial court to enter an order forwarding to Georgia the pleadings and documents relevant to the modification of the Hernandez order, as required under Section 454.1563, after dismissing any parties and Counts over which Georgia would not have jurisdiction. In all other respects, we affirm the judgment of the trial court.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

Kevin A. Swanson was previously known as Kevin A. Howell.

We note that the legal file includes docket sheets from 13SL-DR03209 indicating that following entry of judgment in the current case, the trial court on April 21, 2017 entered a consent judgment modifying Father's child support order with regard to S.R.S. to $325.00 per month.

All statutory references are to RSMo. (2016), unless otherwise indicated.

To the extent Father is actually referencing a Georgia income withholding order-which, we note, is not included in the legal file-an income withholding order and a support order are not interchangeable, but rather are treated differently under the UIFSA. Sections 454.1626 and 454.1650 address the procedure for challenging in Missouri an income withholding order from another state. Missouri law specifically recognizes, however, that registering a support order or income withholding order for enforcement purposes does not allow a court of this state to modify the original support order where the issuing tribunal had jurisdiction. See Section 454.1638(c).

Father actually cites to "42 U.S.C. § 200d," which does not exist. We assume this is a typographical error.