

# Missouri Court of Appeals
## Western District

JON P. WHITTON,                    )
                                   )    **WD86940 consolidated with**
                    Respondent,    )    **WD86952**
v.                                 )
                                   )    **OPINION FILED:**
HEATHER A. WHITTON                 )
(NKA PETERSON),                    )    **February 19, 2025**
                                   )
                    Appellant.     )
                                   )

**Appeal from the Circuit Court of Platte County, Missouri**
**The Honorable Abe Shafer, V, Judge**

**Before Division Three:  W. Douglas Thomson, Presiding Judge,**
**Karen King Mitchell, Judge, and Thomas N. Chapman, Judge**

Heather Whitton (n/k/a Peterson) ("Mother") appeals from the judgment of the

Circuit Court of Platte County modifying the child support obligation of Jon Whitton

("Father") and denying her motion for contempt.  Father cross-appealed, and the appeals

were consolidated.  Father's cross-appeal was dismissed for failure to prosecute the

appeal.  Mother raises four points on appeal contending that the trial court erred in (1)

ordering Father's modified child support obligation retroactive to June 1, 2021, (2)

finding that Father had good cause for his non-payment of child support in relation to her

motion for contempt, (3) finding that Father had good cause under section 452.355.2 for

his failure to pay child support, and (4) declining to award Mother a reasonable portion of her attorney's fees under section 452.355.2. The judgment is reversed, and the case is remanded with directions.

## Background

Mother and Father's marriage was dissolved on June 26, 2014, by Journal Entry and Decree of Divorce in the District Court of Shawnee County, ("the Kansas court"). The parties were awarded joint legal custody of the two minor children, who were six and four years old at the time, with the children's residence with Mother. Father was granted reasonable and liberal parenting time but was required to give three days' notice of his intent to exercise his parenting time. The three-day notice requirement was later extended to ten days. The Kansas court later ordered that Father would have visitation three weekends out of four per month. Father was ordered to pay $1,413 per month in child support, to be paid through the Kansas Payment Center or by income withholding. By Journal Entry on January 31, 2017, the Kansas court increased Father's support obligation to $2,155 per month, effective December 16, 2016.[1]

On December 21, 2020, Father filed a motion to modify child support in the Kansas court. The initial summons issued to Mother was returned "non-est" on February

---

[1] Said December 16, 2016 Journal Entry set out the appearances of both parties (Mother and her counsel, Father, pro se); took notice of the pleadings and statements of the parties; set forth findings; and ordered Father's child support modified to $2,155 per month, in accordance with Petitioner's Child Support Worksheet (attached as an exhibit); and was signed by the district court judge.

25, 2021. The process server made a hand-written notation on the return that Mother's new address was in Platte City, Missouri. Mother was later served with the summons in Platte City on May 17, 2021. Three hearings were held in the Kansas case in 2021. Evidence was presented, and the court took the matter under advisement. On April 26, 2022, Mother filed a motion to strike the motion to modify and motion to transfer venue. On May 17, 2022, the Kansas court dismissed Father's motion to modify; granted Mother's motion to transfer venue; and transferred the case to the Platte County Circuit Court, finding that both parties and the minor children resided in Missouri and that it no longer had continuing jurisdiction. On June 30, 2022, the Kansas court amended its May 2022 order, indicating that Father's motion to modify remained pending and that it was transferred to the Platte County Circuit Court. Nothing in the record (other than the June 30, 2022 order itself) indicates what action (if any) was taken by the Kansas court to effectuate transfer of Father's motion to modify to the Platte County Circuit Court.

On November 3, 2022, Father filed a petition to register, enroll, and establish foreign judgments under section 511.760 and Rule 74.14. He sought to register the original June 2014 divorce Journal Entry, the January 2017 Journal Entry modifying the child support amount, the initial May 2022 order dismissing the motion to modify and transferring venue, and the June 2022 order amending the May 2022 order. The trial court issued a notice of filing of foreign judgment to Mother that day. Father also filed a motion to modify child support that day, which was served on Mother on November 8, 2022.

On December 7, 2022, Mother filed her answer and counter motion for contempt for Father's failure to pay child support, alleging an arrearage of $38,750.

On October 10, 2023, Father filed an amended motion to modify child support, requesting a child support modification (retroactive to December 21, 2020) and an abatement of child support "since approximately 2017" due to Mother's alleged failure, without good cause, to allow him to have his parenting time.

Trial was held on December 18, 2023. Both parties testified and submitted exhibits such as text messages, tax returns, paystubs, income and expense reports, child support payment records, Form 14 calculations, and attorney fee invoices.[2] Father testified that between the divorce in 2014 and June 2017, he would have visits with the children every three to five weeks. He testified that since June of 2017, he had not had any contact with the children and had not been involved in any decisions for the children because Mother had not allowed it. He said that he did not receive notice from Mother when she and the children moved to Platte City.

He testified that the January 2017 modified child support amount of $2,155 per month was "not based on facts" and was "fake and unlawful" because he did not have an attorney for the modification action, he was working 84 hours a week at the time and forgot to file an income and expense statement, and "the judge just made up numbers," imputing an income of $10,000 per month to him. He explained that he was making

---

[2] The only exhibits provided in the record on appeal are the attorney fee invoices.

$67,000 in 2017 and 2018 and "mid-70s" in 2019 and 2020 so he could not afford, and did not pay, the full amount of child support. He also testified that he believed that he would receive a "credit" against any child support he owed when the trial court modified his child support in this case retroactively.

Mother testified that after the divorce, Father would see the children about every three months because he was living on the east coast. He would sometimes show up at their school or daycare and attempt to take them without notice (the reason the notice requirement was extended). Visits with Father would upset the children—they would cry, get stomachaches and headaches, and ask Mother not to make them go. Mother testified that when the children came home from their last visit with Father in June 2017, they were very upset because Father had pulled their hair when they were swimming and had made them stand up against the wall with their knees bent halfway and hold the position for a long time. Mother said that she blocked Father's number after that visit because he was abusive. Mother admitted that she did not notify Father when she and the children moved to Missouri, saying that she and the children were scared of Father. She said that she did not have his address but admitted having his cellphone number and email address.

Mother testified that Father never paid child support through the payment center as ordered in the divorce decree and that she had to garnish his bank account every three or four months. She testified that as of December 2023, Father had a child support arrearage of $28,530.25.

5

Evidence showed that Mother's income almost tripled since Father's child support obligation was last modified in January 2017. Her income for 2016 was $81,996 ($6833 per month); her income for 2021 was $203,569 (almost $17,000 per month) and for 2022 was $232,000 (over $19,000 per month).

The trial court entered its judgment on January 18, 2024. It modified Father's child support obligation retroactive to June 1, 2021 (the first day of the next month following service of Father's Kansas motion to modify). Specifically, Father's child support obligation was modified as follows: $1,044 per month from June 1, 2021, until December 31, 2021; $1,141 per month from January 1, 2022, until December 31, 2022; $1,097 per month from January 1, 2023, until December 31, 2023; and $1,138 per month from January 1, 2024, going forward. It denied Father's request for retroactive and prospective abatement of child support. It also denied Mother's motion for contempt.

Regarding the motion for contempt, the trial court found that Father's child support arrearage as of December 5, 2023, totaled $28,530.25, that he had the ability to pay all of his child support, and that his failure to do so was in willful and contumacious disregard of the Kansas court's orders, but that he had good cause for his failure to pay and was not in contempt because he expected his arrearage would be eliminated once his motion to modify was heard and a judgment reducing his monthly obligations (with retroactive application) was entered. Finally, the trial court ordered that neither party was awarded their attorney's fees.

**6**

This appeal by Mother followed.[3]

## Standard of Review

Appellate review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Brown v. Brown*, 680 S.W.3d 507, 519 (Mo. App. W.D. 2023). Accordingly, the trial court's judgment will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 519-20. The appellate court defers to the trial court's credibility determinations and the weight afforded to evidence. *Id.* at 520.

Whether to make an award of child support retroactive is within the sound discretion of the trial court. *Honderick v. Honderick*, 984 S.W.2d 205, 214 (Mo. App. W.D. 1999). Its determination of the effective date of the modified child support amount should not be disturbed absent an abuse of discretion. *Id.* Likewise, a trial court has discretion in a civil contempt proceeding, and its judgment in such proceeding will not be disturbed absent an abuse of discretion. *Brown*, 680 S.W.3d at 520. "An abuse of discretion occurs when the ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (internal quotes and citation omitted). The party challenging the ruling in a contempt proceeding bears the burden to establish abuse

---

[3] Father's cross-appeal was dismissed for failure to prosecute.

of discretion and will not succeed if reasonable persons could differ about the propriety of the trial court's actions. *Id.*

## Point One – Retroactive Modification of Child Support

In her first point on appeal, Mother contends that the trial court erred in ordering Father's modified child support obligation retroactive to June 1, 2021, the first day of the month following the date she was served with Father's motion to modify in the Kansas case.

Section 452.370, RSMo 2016, governs modifications of child support judgments. Section 452.370.6 provides, in pertinent part, "The order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service." In deciding whether to order a modification retroactively, the trial court should consider all factors relevant to the issue and balance the equities as called for by the facts and circumstances of the particular case. *Honderick*, 984 S.W.2d at 214.

Mother contends that section 452.370.6 only authorized the court to make modified support obligations retroactive to the date of personal service of Father's motion to modify filed in Missouri. She asserts that because Father utilized section 511.760, RSMo 2016, and Rule 74.14, the Uniform Enforcement of Foreign Judgements Law, to register his Kansas child support judgments, which does not authorize the registration of a pending action, the modification could have only been applied retroactively to November 8, 2022, the day she received personal service of Father's motion to modify filed in Missouri. Father argued in the trial court (his appeal was dismissed and he did

**8**

not file a respondent's brief in Mother's appeal) that there was no procedure for transferring venue on a motion to modify child support from one state to another state and that he was required to register his foreign judgment under section 511.760 and Rule 74.14 and file a subsequent motion to modify in Platte County. He also argued that it was equitable and reasonable to treat the action like a change of venue case from within the state, where the case and pleadings would remain pending, and his claim for retroactive relief to his filing in Kansas could be maintained.

Contrary to Father's argument, there is a procedure for transferring child support cases between states. The Uniform Interstate Family Support Act ("UIFSA"), codified in Missouri at sections 454.1500 through 454.1730, RSMo 2016, controls the establishment, enforcement, and modification of child support orders across state lines. *Swanson v. Hernandez*, 544 S.W.3d 315, 320 (Mo. App. E.D. 2018). "The UIFSA is intended to avoid problems arising from multiple orders in multiple states, and thus the UIFSA provides that only one state's child support order governs at any one time." *Id.* "Underlying the UIFSA is the concept of 'continuing, exclusive jurisdiction,' meaning that where a state has issued a support order pursuant to the UIFSA, that state has continuing exclusive jurisdiction over the order and no other state may modify that order so long as the issuing state retains jurisdiction." *Id.*

Relevant to this case, Missouri may have jurisdiction under the UIFSA to modify a child support order of another state when the individual parties reside in this state. Section 454.1668(a) provides, "If all of the parties who are individuals reside in this state

**9**

and the child does not reside in the issue state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order."[4] "A tribunal of this state exercising jurisdiction under this section shall apply…the procedural and substantive law of this state to the proceeding for enforcement or modification." § 454.1668(b). A party seeking to modify a child support order issued in another state shall register the order in this state in the manner provided in sections 454.1632 through 454.1653 if the order has not already been registered. § 454.1656. A modification petition may also be filed at the same time as a request for registration. *Id.* The procedure to register a child support order is set out in section 454.1635. It provides that a child support order of another state may be registered in this state by sending the following records to the appropriate tribunal of this state:

(1) a letter of transmittal to the tribunal requesting registration and enforcement;

(2) two copies, including one certified copy, of the order to be registered, including any modification of the order;

(3) a sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4) the name of the obligor and, if known:

 (A) the obligor's address and Social Security number;

 (B) the name and address of the obligor's employer and any other source of income of the obligor; and

_____

[4] A "tribunal" is defined in the UIFSA as "a court, administrative agency, or quasi-judicial entity authorized to establish, enforce, or modify support orders or to determine parentage of a child." § 454.1503(29).

(C) a description and the location of property of the obligor in this state not exempt from execution; and

(5) except as otherwise provided in section 454.1581, the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.

§ 454.1635(a).

A tribunal of this state may serve as a responding tribunal for proceedings initiated in another state. § 454.1521. *See Lunceford v. Lunceford*, 204 S.W.3d 699, 705 (Mo. App. W.D. 2006) (applying repealed version of UIFSA, Missouri became responding jurisdiction and acquired jurisdiction over a child support action issued in Kansas when Kansas transferred the case to Missouri). Kansas's version of the UIFSA provides, in pertinent part, "Under this act, a tribunal of this state may serve as an initiating tribunal to forward proceedings to a tribunal of another state[.]" K.S.A. § 23-36,203 (2015). It further provides, "If a petition or comparable pleading is received by an inappropriate tribunal of this state, the tribunal shall forward the pleading and accompanying documents to an appropriate tribunal of this state or another state and notify the petitioner where and when the pleading was sent." K.S.A. § 23-36,306 (2015). Missouri's version of the UIFSA, in turn, provides, "When a responding tribunal of this state receives a petition or comparable pleading from an initiating tribunal…, it shall cause the petition or pleading to be filed and notify the petitioner where and when it was filed." § 454.1560(a). As relevant here, a responding tribunal of this state may establish or enforce a support order, modify a child support order, determine the amount of any

**11**

arrearages, enforce orders by civil or criminal contempt, or both, and award reasonable attorney's fees and other fees and costs, among other remedies. § 454.1560(b)(1), (4), (5), (11).

The remedies provided by the UIFSA are cumulative and do not affect the availability of remedies under other law. § 454.1509(a). The UIFSA does not provide the exclusive method of establishing or enforcing a child support order under the laws of this state. § 454.1509(b)(1).

Despite the availability of the UIFSA, Father was permitted and chose to register his child support judgments under the Uniform Enforcement of Foreign Judgments Law, section 511.760 and Rule 74.14, and to then seek modification of his child support obligation. *See Siegel v. Mosier*, 632 S.W.2d 76, 78 (Mo. App. E.D. 1982) (where Uniform Reciprocal Enforcement of Support Law, the interstate support law in effect before the adoption of the UIFSA in Missouri in 1997, provided that remedies therein were in addition to and not in substitution of any other remedy, it did not preclude former wife for applying for registration of judgment of dissolution of marriage and related child support orders under the Uniform Enforcement of Foreign Judgements Law).

Section 511.760 and Rule 74.14 provide for registration in Missouri of foreign judgments. *State of Minn., Marshall Cnty. v. Bybee*, 744 S.W.2d 511, 513 (Mo. App. W.D. 1988). Section 511.760.3 and Rule 74.14(b) requires that a party seeking to register a foreign judgment provide the authenticated history of the judgment he seeks to register. *Toll Brothers AZ Ltd. P'ship v. Langbehn*, 629 S.W.3d 854, 858 (Mo. App. S.D.

**12**

2021).  Specifically, section 511.760.3 provides, in pertinent part,

> A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, all authenticated in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be registered.

*See also* Rule 74.14(b) ("A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court in this state.").  "A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner."  Rule 74.14(b).

A "foreign judgment" is defined in the statute and rule as "any judgment, decree or order of a court" of the United States or of any state or territory that is entitled to full faith and credit.  § 511.760.1(1); Rule 74.14(a).  Section 511.760 "applies only to *judgments* that are entitled to full faith and credit."  *Siegel*, 632 S.W.2d at 78 (emphasis added).  Neither section 511.760 nor Rule 74.14 authorize the registration of an action pending in another state.

In this case, while the Kansas court's June 30, 2022 order stated that the case was transferred to the Platte County Circuit Court pursuant to its version of the UIFSA, nothing in the record indicates that the case was actually received and filed in Missouri as a responding state under the UIFSA.  Nothing indicates that Father complied with the requirements of the UIFSA in registering the Kansas child support order in Missouri.  For

four months after the Kansas court's order, Father apparently did nothing himself (or to otherwise prompt the Kansas court) to forward the pleadings and accompanying documents to the Platte County Circuit Court in order to register a child support order (and related proceedings) pursuant to the UIFSA, as set out in sections 454.1560 and 454.1635.

Instead, four months later, on November 3, 2022, Father utilized an alternative method, section 511.760 and Rule 74.14, to register the foreign child support judgments and then filed a new motion to modify in Missouri. Father provided no support for his contention that, when registering a foreign judgment pursuant to section 511.760 and Rule 74.14, an action pending in another state (where the foreign judgment originated) would be transferred to Missouri (like a change of venue case within Missouri), and no support for his contention that service of any such foreign state motion to modify could be considered when determining retroactive modification of child support.

The motion to modify filed by Father in Kansas in December 2020, and served on Mother in May 2021, was not before the trial court (and is nowhere in our record). The only pleading before the trial court in this case was Father's motion to modify filed in Missouri on November 3, 2022, and served on Mother on November 8, 2022. Under section 452.370.6, the trial court was authorized only to make Father's modified child support obligation retroactive to November 8, 2022. The trial court misapplied the law in ordering Father's modified child support obligation retroactive to June 1, 2021. The judgment ordering the modification retroactive to June 1, 2021, is reversed, and the case

**14**

is remanded to the trial court to enter a judgment for modified child support retroactive only to November 8, 2022, at the earliest.

**Points Two, Three, and Four – Contempt & Attorney's Fees for Failure to Pay Child Support**

Points two, three, and four involve Mother's claim against Father for contempt for failure to pay child support and her request for attorney's fees under section 452.355.2, RSMo 2016, which authorizes attorney's fees in proceedings in which the failure to pay child support is an issue. The points are, therefore, addressed together.

In her second point on appeal, Mother contends that the trial court erred in finding that Father had good cause for his non-payment of child support in relation to her motion for contempt. She argues that the trial court misapplied the law in finding that Father's failure to pay child support was in willful and contumacious disregard of the Kansas court's orders but that he was not in contempt because he had good cause for his failure to pay. In points three and four, Mother contends that the trial court erred in declining to award her a reasonable portion of her attorney's fees under section 452.355.2. She first argues that the trial court misapplied the law in finding that Father had good cause for his failure to pay because of his expectation that his arrearage would be eliminated when his modified child support was applied retroactively because good cause under the statute requires an inability to pay. In point four, she contends that the trial court misapplied the law in not awarding her a reasonable portion of her fees because, absent a finding of good cause, an award is required under the statute.

"Civil contempt is intended to benefit a party for whom an order, judgment, or decree was entered.  Its purpose is to coerce compliance with the relief granted."  *Smith v. Smith*, 682 S.W.3d 126, 134 (Mo. App. W.D. 2024) (internal quotes and citations omitted).  The two traditional civil contempt remedies are imprisonment or per diem fines.  *Id.*

"A party alleging contempt establishes a prima facie case for civil contempt when the party proves:  (1) the contemnor's obligation to perform an action as required by the decree; and (2) the contemnor's failure to meet the obligation."  *Woolery v. Woolery*, 679 S.W.3d 17, 29 (Mo. App. W.D. 2023) (internal quotes and citation omitted).  "The alleged contemnor then has the burden of proving that person's failure to act was not due to his own intentional and contumacious conduct."  *Id.* (internal quotes and citation omitted).

Section 452.355.2 authorizes attorney's fees in proceedings in which the failure to pay child support is an issue.  It provides:

> In any proceeding in which the failure to pay child support pursuant to a temporary order or final judgment is an issue, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor, if requested and for good cause shown, to pay a reasonable amount for the cost of the suit to the obligee, including reasonable sums for legal services.  The court may order that the amount to be paid directly to the attorney, who may enforce the order in his name.

§ 452.355.2.  For the purposes of this statute, "'good cause' includes any substantial reason why the obligor is unable to pay the child support as ordered.  Good cause does

**16**

not exist if the obligor purposely maintains his inability to pay." § 452.355.4.

Mother established a prima facie case for civil contempt against Father. The Kansas court's January 2017 Journal Entry increased Father's support obligation to $2,155 per month, effective December 16, 2016. Mother presented evidence at trial that as of December 2023 Father had a child support arrearage of $28,530.25. Once this prima facie case for civil liability was established, the burden shifted to Father to show that his failure to pay was not due to his own intentional and contumacious conduct. *Woolery*, 679 S.W.3d at 29. The trial court found that Father had failed to pay $28,530.25 of his child support obligation since entry of the January 2017 journal entry. It also found that he had the ability to pay all of his child support during the time period, and that "his failure to do so was in willful and contumacious disregard of the Kansas Court's order." The trial court specifically found that Father did not meet his burden to show that his failure to pay was not due to his own intentional and contumacious conduct. Based on these findings, Father was in civil contempt for failure to pay his child support. The trial court, however, found he was not in contempt because he had good cause for his failure to pay (because of his expectation that his arrearage would be eliminated when his modified child support was applied retroactively). While the statute that authorizes attorney's fees in proceedings in which the failure to pay child support is an issue, section 452.355.2, considers good cause, civil contempt does not.[5] The trial court seems to have

---

[5] The criminal non-support statute, section 568.040, RSMo Cum. Supp. 2024, also contemplates good cause. Subsection 1 of the statute provides, in pertinent part, "[A] parent commits the

**17**

improperly conflated the issues of civil contempt and attorney's fees (and/or possibly criminal nonsupport) in finding that Father was not in contempt because he had good cause for his failure to pay. The trial court, therefore, misapplied the law in finding that Father was not in contempt for failure to pay child support. The judgment finding that Father was not in contempt is reversed. The judgment denying Mother attorney's fees is also reversed in light of this holding regarding contempt. The case is remanded to the trial court for reconsideration of the motion for contempt and a reasonable award of attorney's fees to Mother under section 452.355.2, if appropriate, based on the record and evidence already submitted. Because "good cause" under section 452.355.2 only involves an obligor who is "unable to pay," Father's decision not to pay child support based on his ultimately erroneous legal opinion (that any arrearage would be wiped out by a retroactively-applied modification) would not constitute "good cause" under the statute.

## Conclusion

The judgment ordering Father's modified child support obligation retroactive to June 1, 2021, is reversed, and the case is remanded to the trial court to enter a judgment

---

offense of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide his or her child or stepchild who is not otherwise emancipated by operation of law." § 568.040.1. "Inability to provide support for good cause shall be an affirmative defense under this section. A defendant who raises such affirmative defense has the burden of proving the defense by a preponderance of the evidence." § 568.040.3. "Good cause" under the statute "means any substantial reason why the defendant is unable to provide adequate support. Good cause does not exist if the defendant purposely maintains his inability to support." § 568.040.2(3)

for modified child support retroactive only to November 8, 2022, at the earliest. The judgment finding that Father was not in contempt is reversed as well as the judgment denying Mother attorney's fees for failure to pay child support. The case is remanded to the trial court for reconsideration of the motion for contempt and a reasonable award of attorney's fees to Mother under section 452.355.2, if appropriate, based on the record and evidence already submitted.

_____
Thomas N. Chapman, Judge

All concur.

19